UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID CHERRY, et al., | 2:11-CV-1783 JCM (GWF) |
| Plaintiff(s), | |
| v. | |
| CLARK COUNTY SCHOOL DISTRICT, et al., | |
| Defendant(s). | |

**ORDER**

Presently before the court is defendants', Clark County School District, Sandra A. Piilo, and Susan M. Smith, renewed motion to dismiss or, alternatively, motion for partial summary judgment. (Doc. # 48). Plaintiffs Alexandria and David Cherry, on behalf of their son, Jacob Cherry, filed a response (doc. # 55) and defendants filed a reply (doc. # 65).

**I. Procedural background[1]**

Plaintiffs filed an amended complaint on March 8, 2012, containing ten separate claims for relief. (Doc. # 18). In its July 22, 2013, order, the court granted in part and denied in part defendants' motion for partial summary judgment, and ordered supplemental briefing. (Doc. # 88).

. . .

. . .

---

[1] The facts underlying the action have been detailed extensively in this court's July 22, 2013, order (doc. # 88).

**James C. Mahan**
**U.S. District Judge**

1    The supplemental briefs were focused on three narrow issues: (1) whether, under the facts of this case and any relevant case or statutory law, exhaustion occurred prior to plaintiffs' suit; (2) whether the IDEA permits informal exhaustion and, if so, the extent, if any, to which informal exhaustion occurred; and (3) the status of plaintiffs' claims seeking non-IDEA relief if exhaustion has occurred. *Id.* Defendants filed a supplemental brief (doc. # 89), plaintiffs filed a response (doc. # 90), and defendants filed a reply (doc. # 91). The court has reviewed the supplemental briefs and will address each issue in turn.

**II. Exhaustion of administrative remedies**

*A. Formal exhaustion*

In the court's prior order it detailed the administrative grievance process provided for by the IDEA and corresponding Nevada statutes. The court then determined that administrative exhaustion of plaintiffs' claims was required, and that none of the exceptions to exhaustion provided for in *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298 (9th Cir. 1992), were applicable here. (*See* doc. # 88). At that time, however, it was unclear from the parties' briefs if exhaustion had, in fact, occurred.

Plaintiffs assert that CCSD's offer of 180 hours of compensatory education, and plaintiffs' acceptance of that offer, satisfies the IDEA's exhaustion requirement. Plaintiffs provide little statutory or case law in support of their position, instead asserting that "[i]t is a matter of first impression and statutory construction." (Doc. # 90, p. 2, ln. 3).

In support of their position, plaintiffs rely chiefly on the Ninth Circuit's decision in *Witte v. Clark County Sch. Dist.*, 197 F.3d 1271 (9th Cir. 1999).[2] In *Witte*, the plaintiff, a disabled student, was subjected to physical abuse by his teachers when they force fed him his own vomit, physically restrained and sat on him, sprayed him in the face with water if he was unable to stay on task, and strapped weights to his legs and forced him to run on the treadmill in an effort to tire him out. His parents, acting as next of friend, sued the school district alleging violations of the Rehabilitation Act,

---

[2] In this court's prior order, it took no position regarding what aspects of the *Witte* decision were overruled by *Payne*. Upon review, the court concludes that *Payne* overruled *Witte* only to the extent that *Witte* held the IDEA's exhaustion requirement was a jurisdictional bar, which is irrelevant for purposes of this motion.

James C. Mahan
U.S. District Judge

- 2 -

1  Americans with Disabilities Act, and various state tort claims. The plaintiffs resolved the
2  educational issues using procedures provided for by the IDEA, and only the state tort claims
3  remained.

4  In its decision, the court noted that the plaintiffs "expressly eschew[ed] any claim for
5  monetary damages to provide, or to be measured by the cost of, remedial services. Rather, the claim
6  is for retrospective damages [for physical abuse and injury] only." *Id.* At 1276. The *Witte* court held
7  that "[b]ecause Plaintiff seeks *only monetary damages*, which is not 'relief that is available under'
8  the IDEA, and *because all education issues already have been resolved to the parties' mutual*
9  *satisfaction* through the IEP process, Plaintiff is not 'seeking relief that is also available' under the
10 IDEA . . . That being so, under the plain words of the statute, exhaustion of administrative remedies
11 is not required." *Id.* at 1275 (emphasis added).

12 In discussing its decision in *Witte*, the Ninth Circuit in *Payne v. Peninsula Sch. Dist.*, 653
13 F.3d 863 (9th Cir. 2011) stated: "[w]e held (in *Witte*) that the IDEA's exhaustion provision did not
14 apply to plaintiffs who claimed that school officials had inflicted physical and emotional abuse on
15 their child when their complaint sought only retrospective damages because the parties had already
16 resolved their education issues through 'the remedies that are available under the IDEA'" *Payne*, 653
17 F.3d at 873 (quoting *Witte,* 197 F.3d 1271) (internal citations omitted). In other words, the court
18 merely concluded that those claims unrelated to any deprivation of a FAPE were not subject to the
19 exhaustion requirement.[3]

20 Here, the educational issues were *not* ultimately resolved to the parties' mutual satisfaction.
21 Indeed, the plaintiffs' subsequent dissatisfaction with, or perceived inadequacy of, the award of 180
22 hours of compensatory education is what led to the instant lawsuit. Plaintiffs' dissatisfaction *with*
23 *the educational-based remedies* is further highlighted in their amended disclosures. Specifically,
24 plaintiffs seek monetary compensation to pay for private school tuition, one-on-one ABA aide,
25 private speech therapy services, private occupational therapy services, and home services. Unlike

---

[3] This court has already held that plaintiffs' claims seeking retrospective damages unrelated to the denial of a FAPE are not subject to the exhaustion requirement. (*See generally* doc. # 88).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1 *Witte*, all educational issues have clearly not been resolved to the parties' mutual satisfaction. Thus,
2 *Witte* is inapplicable and plaintiffs' reliance on it is misplaced. Plaintiffs were required to reinitiate
3 due process proceedings if they were dissatisfied with the school district's offer of compensatory
4 hours as mandated by the IDEA.

   *B. Informal exhaustion*

6     In the alternative, plaintiffs assert that the IDEA and related case law permits informal
7 exhaustion. Plaintiffs argue that CCSD's offer of compensatory education, and plaintiffs' acceptance
8 of that offer, constituted informal exhaustion. It appears, however, that plaintiffs have confused
9 informal *resolution* with *exhaustion*.

10     Here, the undisputed facts demonstrate the following: (1) plaintiffs initially filed a due
11 process complaint alleging Jacob was deprived of a FAPE, (2) voluntarily withdrew their due process
12 complaint *without prejudice*, (3) engaged in informal discussions, (3) arrived at an agreement, (4)
13 later became dissatisfied with that agreement, (5) never reinitiated due process proceedings, (6) never
14 attended a formal hearing in front of a hearing officer, and (7) never appealed the hearing officer's
15 decision to the state board. In other words, the record demonstrates that plaintiffs never complied
16 with any of the requirements detailed by the IDEA and relevant Nevada statutes. Thus, it cannot be
17 argued that exhaustion, as extensively detailed by the relevant statues, has occurred to any degree.
18 Although it is clear some level of informal resolution took place, the record indicates that no level
19 of exhaustion has occurred.

20     The informal *resolution* of complaints is encouraged by the IDEA as demonstrated, for
21 example, by the availability of voluntary mediation procedures. *See* 20 U.S.C. § 1415(e); *see also*
22 NAC 388.305. These informal methods are offered to provide the parties with an opportunity to
23 avoid the more formal and costly due process proceedings, and ultimately to avoid civil litigation.
24 Nevertheless, the court concludes that these "informal" methods of dispute resolution, while
25 encouraged, do not in any way permit complainants to circumvent the structured formal resolution
26 procedures detailed by the IDEA and allow them to proceed directly to court.

27     The Ninth Circuit has repeatedly highlighted the importance of the IDEA's exhaustion

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  requirements. "The exhaustion provision is designed to 'allow for the exercise of discretion and educational expertise by state and local agencies, afford full exploration of technical educational issues, further development of a complete factual record, and promote judicial efficiency by giving . . . agencies the first opportunity to correct shortcomings in their educational programs for disabled children." *Payne,* 653 F.3d at 875 (quoting *Hoeft*, 967 F.2d at 1303). The court emphasized that "[t]he exhaustion requirement is intended to prevent courts from acting as ersatz school administrators and making what should be expert determinations about the best way to educate disabled students." *Payne*, 653 F.3d at 876.

The only controlling case law cited by plaintiffs in support of their argument that informal exhaustion is permitted is the *Witte* decision. As discussed above, the *Witte* court never reached the issue of "informal exhaustion." Instead, the court merely pointed out that the parties had come to an informal resolution regarding the educational issues using the mediation procedures provided by the IDEA. Further, the court concluded that the IDEA's exhaustion requirement was inapplicable to the remaining state tort claims because the plaintiffs sought only retrospective compensatory and punitive damages unrelated to their child's educational placement. Thus, plaintiffs' reliance on *Witte* is misplaced–informal exhaustion was never contemplated, much less approved of.

In consideration of the formal exhaustion procedures detailed by the IDEA, the corresponding Nevada statutes, the Ninth Circuit's interpretation of both, and in the absence of controlling case law to the contrary, the court declines to create new law by holding informal exhaustion is permitted.

Because the plaintiffs did not formally exhaust the administrative remedies, and because informal exhaustion is not permitted, plaintiffs' claims seeking IDEA-based relief must be dismissed for failure to exhaust.

**IV. Plaintiff's non-IDEA claims**

In addition to their federal IDEA-based claims, plaintiffs' complaint states various state tort claims for relief in addition to a federal claim under 42 U.S.C. § 2000d based on alleged racial discrimination. "Non-IDEA claims that do not seek relief available under the IDEA are not subject to the exhaustion requirement, even if they allege injuries that could conceivably have been redressed

James C. Mahan
U.S. District Judge

- 5 -

by the IDEA." *Payne v. Peninsula School Dist.*, 653 F.3d 863 at 871 (9th Cir. 2011). Plaintiffs have asserted various claims that do not seek relief available under the IDEA, and are therefore not subject to the IDEA's exhaustion requirement.

As defendants acknowledge,[5] and this court agrees, plaintiffs' following claims are unaffected by the exhaustion requirement: (1) plaintiffs' sixth cause of action alleging violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; (2) seventh cause of action alleging defamation; (3) eighth cause of action alleging invasion of privacy; (4) ninth cause of action alleging negligent infliction of emotional distress; and (5) tenth cause of action alleging negligent supervision.[6]

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' renewed motion to dismiss or, alternatively, motion for partial summary judgment (doc. # 48) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiffs' first, second, third, fourth, and fifth claims are dismissed for failure to exhaust administrative remedies.

DATED September 30, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

---

[5] *See* doc. # 89 at 9.
[6] These claims survive the instant motion, albeit with the limitations placed upon them as detailed in the court's previous order. (Doc. # 88).